**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | |
|---|---|
| ROBERT P. PHILLIPS )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>DEFFENBAUGH INDUSTRIES, INC. )<br>Serve At: )<br>The Corporation Company, Inc. )<br>112 SW 7th St, Suite 3C )<br>Topeka, KS  66603 )<br>)<br>and )<br>)<br>WASTE MANAGEMENT OF KANSAS, INC. )<br>Serve At: )<br>The Corporation Company, Inc. )<br>112 SW 7th St, Suite 3C )<br>Topeka, KS  66603 )<br>)<br>　　　　Defendants. ) | Case No.<br><br><br>REQUEST FOR JURY TRIAL |

**COMPLAINT**

COMES NOW, Plaintiff Robert P. Phillips ("Plaintiff"), by and through his undersigned counsel, and for his Complaint against Deffenbaugh Industries, Inc. and Waste Management of Kansas, Inc. (collectively "Defendants") alleges and states as follows:

**Parties and Jurisdiction**

1. Plaintiff is a citizen of the United States, residing in Kansas City, Wyandotte County, Kansas and, at all times pertinent to this Complaint, was an "employee" within the meaning of the Americans with Disabilities Act as Amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA"), and the Age Discrimination in Employment Act of 1967 as Amended 29 U.S.C. § 621 *et seq.* ("ADEA").

2. Defendant Deffenbaugh is a for-profit corporation organized under the laws of the State of Missouri, and, on information and belief, having its headquarters within the State of

1

Kansas; Defendant has been operating and existing continuously within the State of Kansas, having its registered agent is located at: The Corporation Company, Inc. 112 SW 7th St, Suite 3C, Topeka, KS 66603. At all times pertinent to this Complaint for Damages, Defendant Deffenbaugh was an "employer" within the meaning of the Americans with Disabilities Act as Amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA"), and the Age Discrimination in Employment Act of 1967 as Amended, 29 U.S.C. § 621 *et seq.* ("ADEA").

3. Defendant Waste Management of Kansas, Inc. is a for-profit corporation organized under the laws of the State of Kansas, and, on information and belief, having its headquarters within the State of Kansas; Defendant has been operating and existing continuously within the State of Kansas, having its registered agent is located at: The Corporation Company, Inc. 112 SW 7th St, Suite 3C, Topeka, KS 66603.  At all times pertinent to this Complaint for Damages, Defendant Waste Management of Kansas, Inc. was an "employer" within the meaning of the Americans with Disabilities Act as Amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA"), and the Age Discrimination in Employment Act of 1967 as Amended 29 U.S.C. § 621 *et seq.* ("ADEA").

4. This is an employment discrimination lawsuit based upon and arising under the ADA and ADEA.

5.  All of the unlawful acts and practices set forth below were committed within Wyandotte County, Kansas. Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

6. At all times pertinent to this complaint, Defendants maintained a location at 2601 Midwest Drive, Kansas City, KS 66111, where they employed more than twenty (20) employees.

## Administrative Procedure and Procedural Posture

7. On or about December 2, 2016, Plaintiff timely filed a Charge of Discrimination against Defendant Deffenbaugh with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of Plaintiff's disability and/or Defendant's perception that Plaintiff is disabled and/or Plaintiff's record of having a disability and on the basis of Plaintiff's age (attached as Exhibit A and incorporated herein by reference).

8. On or about March 21, 2017, Plaintiff timely filed an Amended Charge of Discrimination against Defendant Deffenbaugh and Defendant Waste Management of Kansas, Inc. with the EEOC alleging discrimination on the basis of Plaintiff's disability and/or Defendant's perception that Plaintiff is disabled and/or Plaintiff's record of having a disability, and on the basis of Plaintiff's age (attached as Exhibit B and incorporated herein by reference).

9. On or about August 8, 2017 the EEOC issued Plaintiff a Notice of Right to Sue (attached as Exhibit C and incorporated herein by reference).

10. The aforesaid Charges of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC investigation of Plaintiff's claims and the involved parties, which could reasonably be expected to have grown out of the Charge of Discrimination.

11. Through the filing of Plaintiff's Charges of Discrimination, Defendants were afforded notice of Plaintiff's claims and the opportunity to participate in voluntary compliance.

12. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

**General Allegations Common to All Counts**

13. Plaintiff was an employee of Defendants from approximately November of 1999 until approximately June 29, 2016, when his employment was terminated.

14. Plaintiff performed work for Defendants as a "Helper" with his routes originating from Defendants' facility located at 2601 Midwest Drive, Kansas City, Wyandotte County, Kansas.

15. Plaintiff was a "Helper" on residential routes from his date of hire in 1999 until in or about 2012 when he transferred to the commercial route department.

16. Plaintiff essentially performed the same essential job functions on both routes; however, the position in the commercial route department was less physically strenuous.

17. In or about 2014, Plaintiff began to suffer from and was diagnosed with high blood pressure. Plaintiff immediately made Defendants aware of this diagnosis and informed Defendants that it would be necessary for Plaintiff to take off work on occasion for doctor's appointments for follow-up of his medical condition.

18. Plaintiff's high blood pressure at all times pertinent to the Complaint, did affect his major life activities, including working.

19. In or about 2014, after Plaintiff disclosed his medical condition to Defendants, Joe Gadwood, head supervisor at the facility where Plaintiff was employed, began making comments to Plaintiff that he was "getting old".

20. On or about January 17, 2016, Plaintiff contacted his employer to report that he had fallen at home and injured his rotator cuff, i.e., a tear in the cuff, which would require time off of work for surgery and subsequent recovery.

21. Plaintiff continued to keep Defendants informed as to his medical condition over following weeks.

22. On or about February 1, 2016, Plaintiff underwent surgery to repair the right rotator cuff as well as to repair the HAGL (Humeral Avulsion Glenohumeral Ligament). Plaintiff notified Defendants of this surgery prior to its occurrence and his leave was approved by Defendants.

23. While in the hospital recovering from the rotator cuff and HAGL procedures, it was discovered that Plaintiff had a serious heart condition necessitating the insertion of a pacemaker. Plaintiff dutifully informed Defendants of this medical condition as well.

24. Plaintiff's Cardiologist delayed the procedure to implant a pacemaker until Plaintiff's right arm/shoulder were more healed and Plaintiff was able to function better because Plaintiff would have difficulty using his left arm for some time after getting the pacemaker.

25. Plaintiff's heart condition at all times pertinent to the Complaint, did and continues to affect his major life activities, including, performing manual tasks, sleeping, lifting, breathing, and working.

26. On or about February 9, 2016, Plaintiff began Outpatient Rehabilitation at Providence Medical Center in Kansas City, Kansas. Defendants were aware of Plaintiff's work with the physical therapist, as he informed them of such.

27. On or about March 4, 2016, Plaintiff underwent the surgical procedure to have a pacemaker implanted.

28. Plaintiff continued to maintain contact with Defendants throughout his leave to ensure Defendants were aware of his medical conditions and progress in recovery.

29. On or about Monday, June 20, 2016, Plaintiff was fully released, without restrictions, to return to work in his job of Helper in the commercial department. Plaintiff notified Defendants of this.

30. When Plaintiff notified Defendants of his release to return to work Defendants informed him that before he would be allowed to return to work, he would need to complete a work-physical scheduled for Monday June 27, 2016.

31. The morning of Monday, June 27, 2016, before Plaintiff could participate in the work-physical, Plaintiff was called into his supervisor's office where he was shown a disciplinary write-up for an incident that had occurred in 2014, for which Plaintiff had already been disciplined. Defendants purported that this incident was a new occurrence.

32. Defendants informed Plaintiff that they had to "take action" that day, Monday, June 27, 2016, based on the 2014 incident. Plaintiff reminded Defendants that he had already received discipline for the 2014 incident. Nevertheless, Defendants informed Plaintiff despite the previous discipline he had received, he was suspended until further notice.

33. Defendants did not contact Plaintiff during his leave to discuss the complaint or investigate the claim, as such Plaintiff did not have a fair opportunity to defend himself against the allegation of misconduct.

34. On June 29, 2016, Plaintiff's supervisor informed Plaintiff, via telephone, that he was being terminated.

35. Plaintiff had received no formal or informal reprimand or discipline in any form, since the write up he received on or about October 28, 2015.

36. Defendants used a past write-up as pretext to justify the basis of Plaintiff's termination.

37. In or about July 2016, Plaintiff attempted, through a temporary employment agency, to apply for his job with Respondents. However, upon information and belief, he was denied the job when Defendants learned Plaintiff was the applicant.

**COUNT I - DISPARATE TREATMENT IN VIOLATION OF THE ADAAA**

38. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

39. Plaintiff is disabled, as defined by the ADAAA, at all relevant times herein and/or Defendants regarded Plaintiff as being disabled and/or Defendants discriminated against Plaintiff due to his record of having a disability.

40. Plaintiff is a qualified individual as defined by the ADAAA, due to his disability and/or Defendants' perception that Plaintiff is disabled and/or Plaintiff's record of having a disability.

41. Specifically, Plaintiff suffers from high blood pressure which affects his major life activities including working.

42. Plaintiff also suffers from a heart condition, which required the insertion of a pacemaker, which affects his major life activities including: performing manual tasks, sleeping, lifting, breathing, and working.

43. Plaintiff could perform the essential functions of his job duties for Defendants with or without reasonable accommodation.

44. At relevant times, including prior to Plaintiff's termination, Defendants were aware that Plaintiff had a record of having these impairments.

45. Defendants unlawfully and intentionally discriminated against Plaintiff based upon his disability and/or because they regarded him as disabled and/or due to Plaintiff's record of having a disability, and acted in bad faith by interfering with, recklessly disregarding, and denying his legal rights when they discharged Plaintiff's employment.

46. Plaintiff's disability, and/or Defendants' perception that Plaintiff is disabled, and/or Plaintiff's record of having a disability, was a motivating factor in Defendants' decision to discharge Plaintiff.

47. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

48. As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, significant weight loss and other non-pecuniary losses.

49. By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

50. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT II – DISPARATE TREATMENT BASED ON AGE IN VIOLATION OF ADEA

51. Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

52. During Plaintiff's employment with Defendants, Plaintiff was subjected to different terms and conditions of employment and an ongoing practice and/or pattern of discrimination/disparate treatment based on his age by Defendants.

53. Plaintiff is at least forty (40) years of age.

54. Plaintiff was subjected to different work requirements than other similarly situated younger employees in regard to the terms and conditions of his employment.

55. Upon information and belief, Defendants perceived Plaintiff to be incapable of doing his job due to his age.

56. Plaintiff's age was a motivating factor in Defendants' decision to discharge Plaintiff's employment.

57. All actions or inactions of or by Defendants occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

58. Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of ADEA, as alleged herein.

59. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, significant weight loss and other non-pecuniary losses.

60. The conduct of Defendants was outrageous and evidence an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

### Demand for Jury Trial and Designation of Place of Trial

Plaintiffs requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

EDELMAN, LIESEN & MYERS, L.L.P.

/s/Katherine E. Myers_____
Katherine E. Myers    KS # 25833
kmyers@elmlawkc.com
4051 Broadway, Ste 4
Kansas City, Missouri 64110
Telephone: (816) 533-4976
Facsimile: (816) 463-8449

ATTORNEY FOR PLAINTIFF